UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN K. JOHNSTON,<br><br>                               Petitioner,<br><br>            -v-<br><br>WARDEN, FCI OTISVILLE,<br><br>                               Respondent. | 16-CV-9246 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

*Pro se* Petitioner Brian K. Johnston brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") calculated his term of imprisonment incorrectly. (Dkt. No. 2 at 4 ("Petition").) For the reasons that follow, his petition is denied.

I.     Background

    A. The California Sentence – 2011

Johnston was arrested and detained on November 2, 2010, for violating the terms of supervised release imposed in connection with a prior period of incarceration. (Dkt. No. 9 ¶¶ 4-5.) On March 14, 2011, Johnston was sentenced in the United States District Court for the Central District of California to a sentence of time served and three years of supervised release. (*Id.* ¶ 6.) He was released from custody the following day, March 15, 2011. (*Id.*)

    B. The Ohio Sentences – 2015

Four years later, on April 16, 2015, following an arrest for bank robbery, Johnston was sentenced in the United States District Court for the Northern District of Ohio to a 151-month term of confinement. (*Id.* ¶ 9.) On November 10, 2015, the same court sentenced Johnston to a 60-month term of confinement—to run consecutively to the term for robbery—for violating the terms of his supervised release. (*Id.* ¶ 10.) The sentencing order recommended that Johnston be

1

credited with time served for the period of incarceration from November 2, 2010, to March 14, 2011. (*Id.*; *id.* Ex. G.)

Notwithstanding the recommendation in that sentencing order, the BOP did not credit Johnston with time served for the November 2010 to March 2011 period of incarceration, on the rationale that this period of time was already accounted for by the sentence of time served imposed by the California court on March 14, 2011. (*Id.* ¶ 12.) The BOP did, however, credit Johnston with other periods of time served. (*Id.* ¶ 14.) Johnston currently remains incarcerated on these sentences.

### C. Johnston's Challenge

Johnston contends that the calculation of his current sentence is incorrect due to the BOP's failure to credit him for time served between November 2010 and March 2011. He filed a series of administrative grievances challenging that calculation, which were all denied. (*Id.* ¶ 15.) He then filed this petition.

## II. Legal Standard

Federal courts are obliged to construe *pro se* habeas petitions liberally. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008).

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). A petition under § 2241 is the proper vehicle through which a federal prisoner may challenge the calculation of his sentence. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). Before challenging a sentence calculation, a petitioner must first exhaust available administrative remedies. *See Carmona*, 243 F.3d at 634.

The authority to calculate sentences—including the calculation of credit for time served—rests with the Attorney General, acting through the BOP. *See United States v. Wilson*, 503 U.S. 329, 331-35 (1992). The BOP is, in turn, bound by federal sentencing law, which provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b).

The Second Circuit has made clear that a sentence of time served amounts to an imposed sentence of a specific term of imprisonment—namely, the amount of time served. *See United States v. D'Oliveira*, 402 F.3d 130, 132 (2d Cir. 2005). Accordingly, 18 U.S.C. § 3585(b) demands that a criminal defendant not receive "double credit" for detention time already credited against a prior sentence, including a sentence of time served. *Wilson*, 503 U.S. at 337.

### III. Discussion

As a threshold matter, Respondent does not contest that Johnston has exhausted his administrative remedies, as is required prior to seeking relief under § 2241. (Dkt. No. 8 at 3 n.3.) *Carmona*, 243 F.3d at 634.

Considering Johnston's petition on the merits, the sole question it raises is whether Johnston is, in fact, entitled to credit against his current sentence for time served for the period of incarceration from November 2, 2010, to March 14, 2011, or whether that time was already credited to the sentence of imposed on March 14, 2011.

When Johnston was sentenced on March 14, 2011, he had been in custody since his November 2, 2010 arrest for violating the terms of his supervised release. He received a sentence of time served. (Dkt. No. 9, Ex. B at 3; *id.*, Ex. C at 2.) In his petition, Johnston characterizes this sentence as the judge "reinstat[ing]" his "supervised release . . . without the court imposing any term of imprisonment." (Petition at 4.) But this characterization is

3

erroneous. The court *did* impose a term of imprisonment: a term equal to the amount of time already served, from November 2, 2010, to March 14, 2011. *See D'Oliveira*, 402 F.3d at 132. Accordingly, the time in question was already credited against that sentence—*i.e.*, the sentence imposed on March 14, 2011—which precludes the BOP's also crediting it against Johnston's current sentence, as this would amount to impermissible double counting under the statute. *See Wilson*, 503 U.S. at 337; 18 U.S.C. § 3585(b). (The BOP did, in fact, credit Johnston with time served for March 15, 2011, a day on which he was still incarcerated but *after* the sentence of time served was imposed. (Dkt. No. 9, Ex. H at 1.))

The fact that the Ohio court recommended that Johnston be credited with the November 2010 to March 2011 time (Dkt. No. 9, Ex. G), does not alter the Court's conclusion here. "[I]t falls to BOP, not the district judge, to determine . . . whether the defendant should receive credit for time spent in custody before the sentence 'commenced.'" *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (citing 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. 329); *see also McGrigs v. Killian*, No. 08 Civ. 6238, 2009 WL 3762201, at *7 (S.D.N.Y. Nov. 10, 2009) ("Although Petitioner argues that the sentencing judge indicated that Petitioner was to receive credit for 'time served,' it is the Attorney General, acting through the BOP, and not the sentencing judge, who is responsible for calculating prior custody credits."). Because the BOP correctly calculated Johnston's sentence, including the appropriate credit for time served, the sentencing judge's contrary recommendation carries no weight.

IV. **Conclusion**

For the foregoing reasons, Johnston's petition for a writ of habeas corpus is DENIED.

As Johnston has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will be issued. *See* 28 U.S.C. § 2253(c)(2). The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purposes of an appeal.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 23, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*